865 F.2d 716
 MICHIGAN STATE CHAMBER OF COMMERCE, A Non-Profit Michigan
Corporation, Plaintiff-Appellant,
v.
Richard H. AUSTIN, Michigan Secretary of State, and Frank J.
Kelley, Michigan Attorney General, Defendants-Appellees.
 No. 86-1867.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 14, 1988.
 
 Richard D. McLellan, William J. Perrone, Dykema, Gossett, Spencer, Goodnow & Trigg, Lansing, Mich., Joel M. Boyden, Dykema, Gossett, Spencer, Goodnow & Trigg, Grand Rapids, Mich., for plaintiff-appellant.
 Frank J. Kelley, Atty. Gen., Richard P. Gartner, Asst. Atty. Gen., Lansing, Mich., for defendants-appellees.
 Michael Corcoran, Lansing, Mich., for Michigan Citizens Lobby.
 Theodore Sachs, Mark Brewer, Sachs, Nunn, Kates Kadushin, O'Hare, Helveston & Waldman, P.C., Detroit, Mich., for Mich. Democratic Party.
 Before ENGEL, Chief Judge, RYAN, Circuit Judge, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The Court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this Court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original hearing panel.
 
 
 2
 The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.
 
 
 3
 MERRITT, Circuit Judge, dissenting from denial of en banc review.
 
 
 4
 This case should be reconsidered en banc. Because our Court's decision holds unconstitutional a crucial provision of the Michigan Campaign Finance law, the Michigan Chamber of Commerce may now act as a conduit for large sums of money contributed by its corporate members--General Motors, Ford, Chrysler, etc.--in support of the corporations' favorite political candidates. The opinion simply does not apply the standard set out in the Supreme Court's ruling in FEC v. Massachusetts Citizens for Life, Inc., 479 U.S. 238, 107 S.Ct. 616, 93 L.Ed.2d 539 (1986). There the Court laid down the 1st Amendment principle that such state laws are constitutional, except in very limited circumstances which it described as follows:
 
 
 5
 We acknowledge the legitimacy of [the] concern that organizations that amass great wealth in the economic marketplace not gain unfair advantage in the political marketplace.
 
 
 6
 * * *
 
 
 7
 In particular, [the pro-life corporation here] has three features essential to our holding that it may not constitutionally be bound by Sec. 441b's restriction on independent spending. First.... If political fundraising events are expressly denominated as requests for contributions that will be used for political purposes, including direct expenditures, these events cannot be considered business activities. This ensures that political resources reflect political support. Second, it has no shareholders or other persons affiliated so as to have a claim on its assets or earnings. This ensures that persons connected with the organization will have no economic disincentive for disassociating with it if they disagree with its political activity. Third, [the corporation] was not established by a business corporation or a labor union, and it is its policy not to accept contributions from such entities. This prevents such corporations from serving as conduits for the type of direct spending that creates a threat to the political marketplace (emphasis added).
 
 
 8
 479 U.S. at 263-64, 107 S.Ct. at 631. Four members of the Court dissented from even this narrow 1st Amendment restriction on state control of corporate political contributions: Chief Justice Rehnquist, and Justices White, Blackmun and Stevens.
 
 
 9
 The Michigan Chamber meets none of these three "features essential to our holding," much less all of them. For example, the Supreme Court specifically stated that the pro-life group at issue could not "serv[e] as conduits for the type of direct spending that creates a threat to the political marketplace." Id. at 264, 107 S.Ct. at 631. The panel of our Court describes the Chamber as "comprised of about eight thousand voluntary members, approximately seventy-five percent of whom are corporations." Michigan State Chamber of Commerce v. Austin, 856 F.2d 783, 784 (6th Cir.1988) (emphasis added). Thus, the panel itself--without recognizing it--characterized the Michigan Chamber so as to place it outside the narrow exception carved out by the Supreme Court for a pro-life, nonprofit, nonstock corporation which only published a newsletter that urged its members to vote "pro-life" in the upcoming elections. The Michigan Chamber's money for placement of advertisements for political candidates came from, at least, 6000 corporate members. The panel decision, therefore, permits the very evil which all members of the Supreme Court agreed a state could prohibit. The panel allows the Chamber to serve as a conduit for the type of direct spending that Michigan legislators believe creates a threat to the political marketplace. MCFL, 479 U.S. at 264, 107 S.Ct. at 631.
 
 
 10
 In addition, the first prong of the test is not met because the record does not reflect that the members received clear notice that their dues would be used for political contributions. Neither is there any showing that the "economic incentives" of all Chamber members are served by the political contributions under the second prong of the test, or that all members would "associate" themselves with the Chamber's political contributions.
 
 
 11
 The entire Court should address this important case. The Michigan law was adopted after due consideration of a serious problem by popularly elected legislators concerned about what they considered to be the corrupting influence of corporate contributions on the electoral process. The doctrine of judicial restraint cautions that we should not disregard or broadly expand the narrow principle clearly drawn by the Supreme Court two years ago. The Court has made its ruling, and we must follow it.
 
 
 12
 KEITH, KENNEDY and JONES, JJ., concur in the foregoing dissent.